**SO ORDERED.**

**SIGNED June 21, 2018.**



_____
JOHN W. KOLWE
UNITED STATES BANKRUPTCY JUDGE
_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 16-81024 |
| REVOLUTION ALUMINUM PROPCO, LLC | CHAPTER 11 |
| DEBTOR | JUDGE KOLWE |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER CONFIRMING FOURTH AMENDED PLAN OF REORGANIZATION PROPOSED BY CHAPTER 11 TRUSTEE DATED APRIL 11, 2018

The Court held the confirmation hearing on Wednesday, June 20, 2018 (the "Confirmation Hearing"), and considered confirmation of the Fourth Amended Chapter 11 Plan of Reorganization Proposed by the Chapter 11 Trustee and dated April 11, 2018 (the "Plan") [P-440] filed by Lucy G. Sikes in her capacity as Chapter 11 trustee (the "Trustee").

During the Confirmation Hearing, Mr. Stewart argued on behalf of the Trustee in support of confirmation of the Plan. In support of confirmation of the Plan, the Debtor proffered the testimony of the Trustee. Further, Mr. Stewart sought to introduce and admit into evidence the

original ballots.  Finally, Mr. Stewart asked the Court to take judicial notice of pleadings nos. 440, 461 and 463 (collectively, the "Confirmation Exhibits").  Hearing no objections, the Confirmation Exhibits were admitted into evidence by the Court.

Upon consideration of the foregoing, and for oral reasons assigned in open Court on Wednesday, June 20, 2018, the Court determined to confirm the Plan.  The Court hereby issues these Findings of Fact and Conclusions of Law in Support of Order Confirming the Fourth Amended Chapter 11 Plan of Reorganization Proposed by Chapter 11 Trustee Dated April 11, 2018 (these "Findings and Conclusions") to supplement the oral findings made in open court.  Accordingly, the Court finds and concludes as follows:

1. Jurisdiction.  This Court has jurisdiction over the Chapter 11 Case pursuant to 28 U.S.C. § 1334.  Venue is proper before this Court pursuant to 28 U.S.C. § 1408.  Confirmation of the Plan is a "core" proceeding under 28 U.S.C. § 157(b)(2) and applicable case law, and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code.

2. Notice.  The Disclosure Statement filed in support of the Plan ("Disclosure Statement") [P-441], the Plan and the ballots were transmitted and served in compliance with the Bankruptcy Rules and this Court's orders, and service thereof was adequate and sufficient to satisfy due process.  All parties, including, without limitation, those taxing authorities, attorneys general, and other governmental units entitled to notice of the hearing to consider confirmation of the Plan and the deadline for submitting ballots and filing and serving objections to confirmation, received adequate notice of the Plan and the Confirmation Hearing in accordance with the Bankruptcy Rules and have had an ample opportunity to appear and be heard with respect thereto.  No other or further notice is necessary or required.

3. **Judicial Notice**. The Court takes judicial notice of the docket maintained in this Chapter 11 Case by the Clerk of Court, including, without limitation, all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered, or adduced at hearings held before the Court in the Chapter 11 Case.

4. **Compliance with the Applicable Provisions of the Bankruptcy Code**. As set forth below, the has met her burden of proving the elements required under the Bankruptcy Code for confirmation of the Plan by a preponderance of the evidence.

5. **The Modified Plan Complies with Section 1129(a)(1)**. The Modified Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying 11 U.S.C. § 1129(a)(1).

6. **Proper Classification of Claims and Equity Interests**. The claims or equity interests placed in each class are substantially similar to other claims or equity interests, as the case may be, in such class. Valid business, factual, and legal reasons exist for separately classifying the various classes of claims and equity interests created under the Plan, and such classes do not unfairly discriminate among holders of claims or equity interests. Thus, the Plan satisfies 11 U.S.C. §§ 1122 and 1123(a)(1).

7. **Specification of Unimpaired Classes**. The Plan specifies that no class is unimpaired and is deemed to have accepted the Plan, thereby satisfying 11 U.S.C. § 1123(a)(2) of the Bankruptcy Code.

8. **Specification of Treatment of Impaired Classes**. The Plan designates each of the classes as impaired and specifies the treatment of claims and equity interests in those classes, thereby satisfying 11 U.S.C. § 1123(a)(3).

9. **Equal Treatment Within Classes**. The Plan provides for the same treatment for each claim or equity interests in a particular class unless the holder of a particular claim or equity

3

interests in such class has agreed to a less favorable treatment of its claim or equity interests, thereby satisfying 11 U.S.C. § 1123(a)(4).

10. <u>Implementation of the Plan</u>. Based upon the evidence presented, testimony adduced, and the record of the Chapter 11 Case, the Court believes the Plan provides adequate and proper means for implementation of the Plan, thereby satisfying 11 U.S.C. § 1123(a)(5).

11. <u>Non-Voting Securities</u>. The Plan provides for the cancellation of all equity interests and reissuance of new equity interests, therefore 11 U.S.C. § 1123(a)(6) is deemed satisfied.

12. <u>Selection of Managers</u>. The Plan calls for the creation of a liquidating trust with a liquidating trustee. The Court appoints Lucy G. Sikes to serve as the initial liquidating trustee of the liquidating trust. Ms. Sikes shall be authorized and empowered to serve as the initial liquidating trustee. Accordingly, the Plan satisfies the requirements of 11 U.S.C. § 1123(a)(7).

13. <u>Rule 3016(a)</u>. The Plan is dated and identifies the entities submitting it, thereby satisfying FED. R. BANKR. P. 3016(a).

14. <u>Additional Plan Provisions</u>. The provisions of the Plan are appropriate and not inconsistent with all other applicable provisions of the Bankruptcy Code.

15. <u>The Modified Plan Complies with Section 1129(a)(2)</u>. The Trustee has complied with the applicable provisions of the Bankruptcy Code, thereby satisfying 11 U.S.C. § 1129(a)(2).

16. <u>Proper Debtor and Plan Proponents</u>. The Debtor is the proper debtor pursuant to 11 U.S.C. § 109, and the Trustee is a proper proponent of the Plan pursuant to 11 U.S.C. § 1121(c).

17. <u>Compliance With Applicable Bankruptcy Code Provisions</u>. The Trustee has complied with applicable provisions of the Bankruptcy Code.

18. <u>Compliance With Solicitation Requirements</u>. The Trustee has complied with the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules in transmitting the solicitation materials and in soliciting and tabulating votes on the Modified Plan.

19. <u>Plans Proposed in Good Faith</u>. The Trustee has proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying 11 U.S.C. § 1129(a)(3). In determining that the Plan was proposed in good faith, the Court has examined the totality of the circumstances surrounding the filing of the Chapter 11 Case and the arms-length negotiations related to the formulation of the Plan. The Plan was proposed with the legitimate and honest purpose of liquidating the Debtor's assets in an orderly manner. The Plan was formulated through negotiations involving, among others, the Trustee, secured creditors, the Official Committee of Unsecured Creditors and the Office of the United States Trustee. The Plan reflects the results of these good faith negotiations and is reflective of the interests of all of the estate's constituencies.

20. <u>Payments for Services or Costs and Expenses</u>. Except as otherwise provided or permitted by the Plan, any payment made or to be made by the estate for services or for costs and expenses in or in connection with the Chapter 11 Case, or in connection with the Plan and incident to the Chapter 11 Case, has been approved by, or is subject to the approval of, the Court as reasonable, thereby satisfying 11 U.S.C. § 1129(a)(4).

21. <u>Directors, Officers, and Insiders</u>. The Trustee complied with 11 U.S.C. § 1129(a)(5).

22. <u>No Rate Changes</u>. The Plan does not propose any rate changes that are subject to governmental regulation. Thus, 11 U.S.C. § 1129(a)(6) is not applicable and is deemed satisfied.

23. <u>Best Interests of Creditors</u>. The Modified Plan satisfies 11 U.S.C. § 1129(a)(7) as each holder of a claim or equity interest in an impaired class either has accepted the Modified Plan

or will receive or retain under the Modified Plan, on account of such claim or equity interests, property of a value, as of the effective date of the Modified Plan, that is not less than the amount that it would receive if the Debtor was liquidated under chapter 7 of the Bankruptcy Code. The Court finds and concludes that the liquidation value under chapter 7 of the Bankruptcy Code would result in no distributions to or recovery on behalf of any holder of an unsecured claim.

24. <u>Treatment of Administrative Claims</u>. The Modified Plan's treatment of allowed administrative expense claims satisfies the requirements of 11 U.S.C. § 1129(a)(9). Except to the extent any entity entitled to payment of any allowed administrative expense claim agrees to a different treatment, the Plan provides that each holder of an allowed administrative expense claim will receive cash in an amount equal to such allowed administrative expense claim on the later of (A) the effective date of the Modified Plan or (B) the first day after such administrative expense claim becomes payable pursuant to (i) any agreement between the Liquidating Trust and the holder of such administrative expense claim or (ii) by final order.

25. <u>Acceptance of at Least One Impaired Class</u>. The Plan satisfies 11 U.S.C. § 1129(a)(10). As evidenced by the Summary of Ballots filed in the record of this case, and the ballots submitted at the Confirmation Hearing, Class 1 and Class 4 voted affirmatively to accept the Plan. No ballots were submitted rejecting the Plan. Thus at least one impaired class has voted to accept the Plan.

26. <u>Feasibility</u>. The Plan satisfies 11 U.S.C. § 1129(a)(11) because it contemplates liquidation of the estate. Importantly, the liquidating trust will be seeded with sufficient funds for Ms. Sikes, as the initial liquidating trustee of the liquidating trust, to begin liquidating the estate's remaining assets.

6

16-81024 - #466 File 06/21/18 Enter 06/22/18 15:55:36 Main Document Pg 6 of 9

27. <u>Payment of Certain Fees</u>.  All fees payable on or before the effective date under 28 U.S.C. § 1930 either have been paid or will be paid on the effective date.  Accordingly, the Plan satisfies 11 U.S.C. § 1129(a)(12).

28. <u>Principal Purpose</u>.  The principal purpose of the Plan is neither the avoidance of taxes nor of Section 5 of the Securities Act of 1933, 15 U.S.C. § 77e, *et seq*.  The Plan, therefore, satisfies the requirements of 11 U.S.C. § 1129(d).

29. <u>Good Faith Solicitation</u>.  Based upon the record before the Court, the Trustee along with her respective associates, employees, agents, attorneys, accountants, and other professionals, have acted in good faith with respect to, and in compliance with, applicable provisions of the Bankruptcy Code in soliciting votes on the Plan and such solicitation is hereby determined to have been in good faith and in compliance with the applicable provisions of the Bankruptcy Code and the foregoing are entitled to the protections afforded by 11 U.S.C. § 1125(e).

30. <u>Satisfaction of Confirmation Requirements</u>.  The Plan satisfies all requirements for confirmation set forth in 11 U.S.C. § 1129(a) and (b).

31. <u>Retention of Jurisdiction</u>.  The Court finds and concludes that it may properly retain jurisdiction over, *inter alia*, the matters set forth in the Plan.

32. <u>Objection to Confirmation</u>.  No objections to confirmation were filed.

33. <u>Cramdown</u>.  The Plan does not discriminate unfairly, and is fair and equitable, with respect to unsecured creditors and equity interests.  The value of the equity interest as of the effective date is effectively zero dollars ($0.00).  Thus, because the Plan provides for no distributions to holders of equity interests, unless and until claimants in senior classes are paid in full, they will receive the value of their interest as of the effective date of the Plan.  Thus, the Plan

7

complies with 11 U.S.C. § 1129(b)(2) with respect to the holders of unsecured claims and equity interests.

34. <u>Injunctions, Exculpations and Releases</u>. The Plan contains specific injunctions, exculpations and releases (the "Agreed Releases"). The Court has reviewed the Plan and finds and concludes that the injunction, release and exculpation provisions are an integral part of the Plan and an essential element of the successful implementation of the Plan. The releases and exculpations are appropriate and are approved under Section 1123(b)(3)(A) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 9019.

35. The Court has independently reviewed these Findings and Conclusions and has determined that they should be issued as the ruling of the Court as Findings and Conclusions that supplement the Modified Plan.

36. Sufficient cause exists to abrogate the stay of the effect of the Confirmation Order in accordance with Bankruptcy Rule 3020(e).

37. These Findings and Conclusions constitute the Court's findings of fact and conclusions of law pursuant to FED. R. BANKR. P. 7052, made applicable to this proceeding pursuant to FED. R. BANKR. P. 9014. To the extent any findings of fact constitute conclusions of law, they are adopted as such. To the extent any conclusions of law constitute findings of fact, they are adopted as such.

### # # #

**Submitted by:**

**STEWART ROBBINS & BROWN, LLC**

By: /s/ P. Douglas Stewart, Jr.
**P. Douglas Stewart, Jr. (La. Bar No. 24661)**
**Brandon A. Brown (La. Bar No. 25592)**

301 Main St, Suite 1640
Baton Rouge, LA 70801
Telephone: (225) 231-9998
Facsimile: (225) 709-9467

***Attorneys for Lucy G. Sikes, Chapter 11 Trustee***